IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:03-CR-23-D
No. 7:22-CV-71-D

| | |
|---|---|
| REGINALD LARUE SPIVEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 3, 2022, Reginald Larue Spivey ("Spivey" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 384-month sentence [D.E. 171]. On August 15, 2022, Spivey moved to supplement his section 2255 motion [D.E. 177]. On June 2, 2022, the court ordered the government to respond [D.E. 173]. On September 9, 2022, the government moved to dismiss [D.E. 178] and filed a memorandum in support [D.E. 179]. On February 17, 2023, Spivey moved to expedite this court's ruling on his section 2255 motion [D.E. 187]. As explained below, the court grants the government's motion to dismiss, dismisses Spivey's motion to vacate, and denies as moot Spivey's motion to expedite this ruling.

I.

On February 12, 2004, a jury convicted Spivey of conspiracy to possess and distribute at least 50 grams of cocaine base ("crack") and at least 5 kilograms of cocaine (count one), distribution of cocaine (count two), possession with intent to distribute at least 50 grams of cocaine base ("crack") and at least 500 grams of cocaine (count three), and possession of firearms in furtherance of a drug trafficking crime (count four). See [D.E. 13, 78]. On August 3, 2004, the court held Spivey's

sentencing hearing and adopted the facts as set forth in the Presentence Investigation Report ("PSR"). See [D.E. 87]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Spivey's total offense level to be 40, his criminal history category to be VI, and his guideline range to be 360 months' to life imprisonment on counts one, two, and three, and 60 months' consecutive imprisonment on count four. Cf. [D.E. 150] 3. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Spivey to 360 months' concurrent imprisonment on counts one, two, and three, and 60 months' consecutive imprisonment on count four, for a total sentence of 420 months' imprisonment. See [D.E. 87] 3–4. Spivey appealed. See [D.E. 88]. On March 8, 2006, the Fourth Circuit affirmed Spivey's conviction, vacated Spivey's sentence, and remanded the case for resentencing. See [D.E. 93–95]. On June 5, 2006, under the now-advisory guideline system, the court resentenced Spivey to 360 months' concurrent imprisonment on counts one, two, and three, and 60 months' consecutive imprisonment on count four, for a total sentence of 420 months' imprisonment. See [D.E. 100] 3–4.

On May 4, 2015, Spivey moved pro se for a sentence reduction pursuant to 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10(c) and Amendment 782 [D.E. 119]. On November 10, 2015, the court denied Spivey's motion [D.E. 125].

On April 16, 2019, Spivey moved pro se for a sentence reduction pursuant to 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10(c), and Amendment 782 [D.E. 126]. On August 22, 2019, Spivey moved again for a sentence reduction [D.E. 127]. On October 30, 2020, Spivey supplemented his motion for sentence reduction [D.E. 130]. On October 20, 2020, the government responded in opposition [D.E. 131]. On October 27, 2020, Spivey replied [D.E. 132]. On October 27, 2020, probation filed a modification to the PSR [D.E. 133]. On December 14, 2020, the court granted

Spivey's motions for sentence reduction [D.E. 126, 127] and motion to supplement [D.E. 130]. See [D.E. 136]. The court reduced the term of supervised release on count 3 to 8 years, concurrent with the 10-year, 6-year, and 5-year terms imposed on counts 1, 2, and 4, respectively and maintained all other provisions of the judgment. See id. Spivey appealed [D.E. 138-40]. The United States Court of Appeals for the Fourth Circuit vacated and remanded the court's order [D.E. 146]. On March 15, 2021, probation filed revised modifications to the PSR [D.E. 150].

On June 2, 2021, this action was reassigned to the undersigned. On October 6, 2021, the court granted Spivey's motion for a sentence reduction [D.E. 159]. The court reduced Spivey's sentence on count one and three to 324 months' imprisonment, on count two to 240 months' imprisonment to run concurrently to counts one and three, and to 60 months' consecutive imprisonment on count four. See id. at 7-8. The court also reduced Spivey's supervised release terms on count one to five years, on count two to three years, on count three to four years, and on count four to five years, all to run concurrently. See id.

On May 3, 2022, Spivey moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 420-month sentence [D.E. 171]. On August 15, 2022, Spivey moved to supplement his section 2255 motion [D.E. 177]. In his resentencing motions, Spivey argues that he "no longer qualif[ies] as a career offender nor should his sentence be enhanced under 851 enhancement[,]" that he should not have received a two-level enhancement for being a leader or organizer, that the drug quantity total he was found accountable for was erroneous, and that the court "erred upon his First Step Act resentencing[.]" See [D.E. 171, 177]. The government moves to dismiss Spivey's motion for failure to state a claim upon which relief can be granted. See [D.E. 179].

3

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Spivey's motion is untimely. Section 2255(f) contains a one-year statute of limitations for petitions for collateral review. See 28 U.S.C. § 2255(f). Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

4

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2255(f)(1)–(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc). As for section 2255(f)(1), Spivey's judgment became final on November 26, 2007, when the time to petition the Supreme Court for review of the Fourth Circuit's decision expired. See Clay v. United States, 537 U.S. 522, 525 (2003). Therefore, Spivey had until November 2008 to timely file a section 2255 motion. Spivey did not, however, file his first motion to vacate until May 3, 2022, approximately 13 years after the deadline. See [D.E. 171]; United States v. Mathur, 685 F.3d 396, 397–98 (4th Cir. 2012). Moreover, Spivey does not plausibly allege that any other timeliness provision of section 2255(f) would apply to his case. Accordingly, Spivey's section 2255 motions are untimely.

As for equitable tolling, section 2255(f) is subject to equitable tolling, but nothing in the record suggests that equitable tolling applies. See Holland v. Florida, 560 U.S. 631, 649–54 (2010); Whiteside, 775 F.3d at 184–86; Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quotation omitted); see Holland, 560 U.S. at 649–54. Spivey has not alleged any such extraordinary circumstances. See, e.g., Holland, 560 U.S. at 649–54; Whiteside, 775 F.3d at 184–86; United States

5

v. Sawyer, 552 F. App'x. 230, 232 (4th Cir. 2014) (per curiam) (unpublished). Thus, Spivey's motions are untimely. Cf. United States v. Miller, No. 1:07CR00044, 2017 WL 2963521, at *2 (W.D. Va. July 12, 2017) (unpublished).

Alternatively, Spivey's motions fail on the merits. As for his challenge to the 21 U.S.C. § 851 enhancement, Spivey argues his enhancement was improper in light of United States v. Simmons, 649 F.3d 237, 240 (4th Cir. 2011) (en banc). In Simmons, the Fourth Circuit examined a North Carolina conviction under "the unique statutory regime mandated by the North Carolina Structured Sentencing Act." Id. at 240. Spivey, however, was not sentenced under the North Carolina Structured Sentencing Act, and his reliance on Simmons is misplaced. Spivey was sentenced on May 25, 1992, for a North Carolina conviction of selling cocaine. See [D.E. 66]. Because Spivey's offense occurred before October 1, 1994, he was sentenced under the North Carolina Fair Sentencing Act, N.C. Gen. Stat. § 15A-1340.10, and Simmons does not help him.

As for his challenges to the guideline enhancements for being a career offender and for being a leader or organizer and the total drug weight the court found Spivey accountable for at sentencing, Spivey appears to be challenging the validity of his resentencing on June 5, 2006, in which the court imposed a total sentence of 420 months' imprisonment. See [D.E. 171, 177]. Spivey, however, cannot use section 2255 to attack his advisory guideline range. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."). Accordingly, to the extent Spivey challenges his advisory guideline range, his claim fails.

As for his argument that the court "erred upon his First Step Act resentencing," section 2255 is not the proper mechanism for Spivey to challenge the court's resolution of his First Step Act motion. Brown v. United States, No. 7:08-CR-150, 2022 WL 1378004, at *2 (E.D.N.C. May 3, 2022) (unpublished); see United States v. Frady, 456 U.S. 152, 165 (1982) ("[A] collateral challenge may not do service for an appeal."); United States v. Ancrum, 5:02-CR-30020, 2021 WL 2483145, at *2–3 (W.D. Va. June 17, 2021) (unpublished); United States v. Miller, No. 5:11-CR-229, 2018 WL 10396254, at *1 (E.D.N.C. Feb. 5, 2018) (unpublished); United States v. Casey, No. 7:07cr14, 2012 WL 4513811, at *1 (W.D. Va. Oct. 1, 2012) (unpublished). Accordingly, Spivey's section 2255 motion fails.

After reviewing the claims presented in Spivey's motions, the court finds that reasonable jurists would not find the court's treatment of Spivey's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 178], GRANTS petitioner's motion to supplement [D.E. 177], DISMISSES petitioner's motion to vacate [D.E. 171], DENIES AS MOOT petitioner's motion to expedite [D.E. 187], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 21 day of April, 2023.

JAMES C. DEVER III
United States District Judge

7