IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:03-CR-23-D

UNITED STATES OF AMERICA, )
)
v. ) **ORDER**
)
REGINALD LARUE SPIVEY, )
)
Defendant. )

On April 24, 2025, Defendant Reginald Larue Spivey ("Spivey" or "defendant") filed a "motion of actual innocent claim" [D.E. 238]. On July 18, 2025, the United States responded in opposition, arguing that defendant's motion was an unauthorized second-or-successive petition under 28 U.S.C. § 2255 [D.E. 242]. On August 18, 2025, defendant filed a notice with the court stating his intent to seek authorization to file a second-or-successive petition from the United States Court of Appeals for the Fourth Circuit [D.E. 243]. On October 10, 2025, the Fourth Circuit denied his motion for authorization under 28 U.S.C. § 2244. See Order Denying Authorization, In re: Reginald Larue Spivey, No. 25-206 (4th Cir. Oct. 10, 2025). Thus, the Fourth Circuit declined to permit defendant to file a second-or-successive petition under 28 U.S.C. § 2255.

On October 20, 2025, this court notified defendant of its intent to recharacterize his April 24, 2025 "actual innocen[ce]" motion as one brought under 28 U.S.C. § 2255. [D.E. 244]; see also Castro v. United States, 540 U.S. 375, 377–78 (2003). The court warned defendant that recharacterizing the motion as one brought under section 2255 would subject his motion—and any subsequent motions—to the law's second or successive restriction. See [D.E. 244]. Defendant had until November 20, 2025, to withdraw or amend his filing. See id.

Rather than amend or withdraw his motion in accordance with the court's Castro order, defendant persisted with his actual innocence claim. On November 24, 2025, defendant filed an "Amendment of Petitioner's Factual and Legal Innocence Claims" and a memorandum entitled "Jurisdictional Statement." [D.E. 245, 246]. The amendment asks the court to rule on his motion. See [D.E. 245] 1. The memorandum urges the court to "exonerate[]" defendant of count four of the indictment because he is "ACTUALLY and FACTUALLY INNOCENT" due to alleged "prosecutorial misconduct." [D.E. 246] 6–7. Defendant is collaterally attacking his conviction and sentence. See Castro, 540 U.S. at 377–78 (2003); United States v. Dixon, 616 F. App'x 104, 105–06 (4th Cir. 2015) (per curiam) (unpublished). Defendant may collaterally attack his conviction and sentence only under 28 U.S.C. § 2255. As reflected in the Fourth Circuit's October 10, 2025 order, defendant has not obtained authorization from the Fourth Circuit to file a second-or-successive petition. See Order Denying Authorization, In re: Reginald Larue Spivey, No. 25-206 (4th Cir. Oct. 10, 2025); Bixby v. Stirling, 90 F.4th 140, 154–56 (4th Cir. 2024); United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003), abrogated in part on other grounds by United States v. McRae, 793 F.3d 392 (4th Cir. 2015); White v. United States, 53 F. Supp. 3d 830, 834 (D.S.C. 2014).

In sum, the court DISMISSES defendant's recharacterized section 2255 petition [D.E. 238, 245] for failure to state a claim. See 28 U.S.C. § 2244(a); Fed. R. Civ. P. 12(b)(6). The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED. This 7 day of January, 2026.

JAMES C. DEVER III
United States District Judge

2
Case 7:03-cr-00023-D    Document 248    Filed 01/07/26    Page 2 of 2